

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Thomas D. Broad, Secretary-Treasurer
State Board of Architectural Examiners
Burt Building
Dallas, Texas

Dear Sir:                    Opinion No. 0-3392
                             Re: Use of phrase "architects-
                                 engineers" as descriptive
                                 of firm business.

        This will be in reference to your letter of April
8, 1941, requesting the opinion of this department upon the
following question:

        "We wish a ruling on the use of the title
    'Architect.'  Section 11 of the Architects Reg-
    istration Law defines the use of the title
    'Architect.'

        "A case in question has been brought to our
    attention in which two gentlemen of Abilene, Texas,
    entitle themselves Hughes & Olds, Architects-
    Engineers.  Mr. Hughes is a registered architect
    and we understand that Mr. Olds is a registered
    engineer.

        "We feel that the title they are using is il-
    legal as it implies that both are architects and
    both engineers.  We would like to advise them what
    form of title would be legal for them.  There is a
    difference of opinion about this among the members
    of our Board, therefore, we would like your legal
    interpretation."

        Section 11 of Article 249a, Vernon's Annotated Civil
Statutes, reads, in part, as follows:

"Sec. 11. Any person, or firm, who for a fee or other direct compensation therefor, shall engage in the planning, or designing, or supervising the construction of buildings to be erected or altered in this State, by or for other persons than themselves, as a profession or business, and shall represent or advertise themselves as architects, architectural designers, or other title of profession or business using some form of the word 'architect,' shall be considered as practicing the profession of architecture in this State, and shall be required to comply with the provisions of this Act; and no person or firm shall engage in or conduct the practice of architecture as aforesaid in this State unless a registration certificate or certificates therefor have been duly issued to such person or the members of such firm as provided for by this Act, and no firm or partnership shall engage in, or conduct, the practice of architecture as aforesaid within this State except by and through persons to whom registration certificates have been duly issued, and which certificates are in full effect; but nothing in this Act shall prevent draftsmen, students, clerks of work, superintendents, or other employees or assistants of those legally practicing architecture under registration certificates as herein provided for, from acting under the instruction, control, or supervision of such registered architects."

Section 1 of Article 3271a, Vernon's Annotated Civil Statutes, privides:

"Section 1. That in order to safeguard life, health, and property, any person practicing or offering to practice the profession of engineering as hereinafter defined shall hereafter be required to submit evidence that he is qualified so to practice and shall be registered as hereinafter provided; and it shall be unlawful for any person to practice or offer to practice the profession of engineering in this state, or to use in connection with his name

or otherwise assume, use or advertise any title
or description tending to convey the impression
that he is a professional engineer unless such
person had been duly registered or exempted under
the provisions of this Act." (Underscoring ours)

It will be noted that under Section 11 of Article
249a a "firm * * * who * * * shall * * * represent or advertise
themselves as architects, architectural designers, or other
title of profession or business using some form of the word
'architect,' shall be considered as practicing the profession
of architecture in this State, and shall be required to com-
ply with the provisions of this Act; and no person or firm
shall engage in or conduct the practice of architecture as
aforesaid in this State unless a registration certificate or
certificates therefor have been duly issued to such person or
the members of such firm as provided for by this Act, and no
firm or partnership shall engage in, or conduct, the practice
of architecture as aforesaid within this State except by and
through persons to whom registration certificates have been
duly issued, and which certificates are in full effect; * * *"
(Underscoring ours)

Under the facts as we understand them the only per-
son practicing the profession of architecture in the case you
have presented is the duly licensed architect and this is
precisely in accordance with the provisions of the Section
above quoted that "no firm or partnership * * * shall practice
* * * architecture  * * * except by and through persons to
whom registration certificates have been duly issued."

Section 11 simply raises a presumption that by using
the term "architect" a firm is practicing "architecture" and
it is required that this profession be practiced only by the
member of the firm duly licensed to practice it.

In interpreting Section 1 of Article 3271a, Vernon's
Annotated Civil Statutes, this department held in opinion No.
0-1901 (conference opinion No. 3101) that "The Legislature has
not seen fit to deny, in specific language, to anyone the right

to advertise himself simply as an 'engineer,' and that a person is not guilty as a matter of law of violating the provisions of Article 3271a, Vernon's Annotated Civil Statutes, when he advertises himself simply as an 'engineer.'"

In the absence of a showing that a member of the firm not licensed as such is holding himself out as a "professional engineer" or "architect" (or practicing such professions), it is our opinion and you are advised that it is not unlawful for a firm to call itself "A & B - Architects - Engineers" when Mr. "A" is a registered professional engineer and Mr. "B" is a duly licensed architect.

Yours very truly

ATTORNEY GENERAL OF TEXAS

APPROVED SEP 4, 1941

By

FIRST ASSISTANT
ATTORNEY GENERAL

James D. Smullen
Assistant

Edgar W. Cale
Assistant

JDS:oj

